Kelleher v. Marvin Lumber & Cedar    CV-00-065-JD   06/13/00

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


John J. Kelleher, Jr.

     v.                              Civil No. 00-65-JD
                                     Opinion No. 2000 DNH 132
Marvin Lumber and Cedar Co.
and Marvin Windows of Tennessee, Inc.


                          O R D E R


     The plaintiff, John Kelleher, brought suit against the

defendants in state court alleging claims based on state law and

the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C.A. § 2301, et

seq.  The defendants removed the case to this court, asserting

federal question jurisdiction under the MMWA and, alternatively

diversity jurisdiction.  The plaintiff moves to remand the case

to state court, contending that this court lacks subject matter

jurisdiction based on the amount-in-controversy requirements of

both the MMWA, § 2310(d)(3)(B), and diversity jurisdiction, 28

U.S.C.A. § 1332.



                         Background

     The plaintiff alleges that the Marvin windows installed in

his house in Ogunquit, Maine, were represented to have a

guaranteed life of fifteen years.  He alleges that the windows

were defective and were disposed to rot in an unreasonably short

time.  As a result, he contends "[t]he defects in the windows will cause, if not replaced, substantial injury to other property of the plaintiff by allowing the entry of water and other elements into the walls and interior of the building, which the windows were intended to protect."  Compl. at ¶ 11.  The plaintiff also claims that he "has sustained and will sustain substantial damages as a result of defects in the windows . . . including the cost of repair and replacement, loss of value of the house in which the windows are installed, damage to other property including that resulting from entry of moisture, and loss of use of the windows themselves."  Id. at ¶ 12.

The plaintiff brings state law claims alleging breach of express and implied warranties, strict product liability, negligence, and negligent misrepresentation, and a claim alleging violation of the MMWA.  The plaintiff seeks damages under the MMWA including "without limitation, costs of repair and replacement."  Compl. at ¶ 47.  The plaintiff also seeks an award of his litigation expenses, including attorneys' fees.

The complaint does not include an allegation of damages as to any of the claims.  In the motion to remand, the plaintiff states that information has been provided to the defendants that the cost of installing replacement windows would be approximately $43,000.  The defendants present evidence that the cost of

installing replacement windows would be approximately $46,261. The parties have not provided any evidence as to the value of the other damages alleged, and the plaintiff has not stipulated to the amount of damages he seeks.

## Discussion

Under the removal statutes, a defendant may remove an action from state court to an appropriate federal court that has subject matter jurisdiction.  See 28 U.S.C.A. §§ 1441, 1446. "[D]efendants have the burden of showing the federal court's jurisdiction."  Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999).  "Removal statutes should be strictly construed against removal and doubts resolved in favor of remand."  Therrien v. Hamilton, 881 F. Supp. 76, 78 (D. Mass. 1995); accord Danca, 185 F.3d at 4.

The plaintiff challenges this court's subject matter jurisdiction and asks that the case be remanded to state court pursuant to 28 U.S.C.A. § 1447(c).  The plaintiff also seeks recovery of his costs and expenses expended in pursuing a remand order.  The parties appear to agree that when, as here, the complaint does not include a specific amount in damages, the defendant must show the jurisdictional amount by a preponderance of the evidence.  See, e.g., Grubbs v. Pioneer Housing, Inc., 75

3

F. Supp. 2d 1323, 1326-27 (M.D. Ala. 1999).

The MMWA sets a jurisdictional requirement that no claim may be brought in a federal court "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C.A. § 2310(d)(3)(B). Courts have interpreted that section to exclude any amount claimed for attorneys' fees and to exclude any damages based on state law claims. See Ansari v. Bella Automotive Group, Inc., 145 F.3d 1270, 1271-72 (11th Cir. 1998) (citing cases). The defendants have not pursued diversity jurisdiction under 28 U.S.C.A. § 1332, which requires an amount in controversy in excess of $75,000.

In this case, the defendants have fallen just short of showing that the plaintiff's MMWA claim puts an amount in controversy in excess of $50,000. They have established a likelihood that replacement windows and labor for their installation will cost $46,260. To make up the difference, the defendants point to the claimed consequential damages related to diminution in value of the house, loss of use of the windows, and damage to other property. The defendants, however, offer no evidence as to the possible value of those claimed losses. Absent proof by a preponderance of the evidence, the defendants have not carried their burden of establishing the requisite

4

amount in controversy, and the court will not speculate as to the possible value of any additional damages claimed under the MMWA.

Construing the removal statute strictly and resolving doubt in favor of remand, the court finds that the defendants have not shown by a preponderance of the evidence that the plaintiff's MMWA claim meets the jurisdictional amount-in-controversy requirement. For that reason, the defendants have not shown that federal subject matter jurisdiction exists as to this case. Therefore, the case is remanded to state court. See § 1447(c). The court, in its discretion, denies an award of costs and expenses as allowed under § 1447(c).

Conclusion

For the foregoing reasons, the plaintiff's motion to remand (document no. 6) is granted except as to an award of costs and expenses. The defendants' pending motion to dismiss (document no. 4) is denied for lack of subject matter jurisdiction. The clerk of court shall remand the case to Hillsborough County Superior Court, Northern District.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

June 13, 2000
cc:  John R. Harrington, Esquire
     Robert E. Dunn Jr., Esquire

5